**FILED**
**APR 10 2012**
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 11-50118 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER SEALING REPORT** |
| | ) | **AND RECOMMENDATION** |
| MATTHEW C. TORNQUIST, | ) | **AND EXHIBITS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Defendant Matthew Tornquist is before this court on federal firearms charges. He filed a suppression motion and this court held an evidentiary hearing and received exhibits in connection with that motion. The government has now moved to seal this court's report and recommendation on the motion to suppress (which report has not yet been issued) as well as to seal the exhibits received at the hearing. See Docket Nos. 35 and 39.

## DISCUSSION

The subject matter raised in addressing the issues for suppression involve an ongoing criminal investigation by state authorities into a missing persons case. Some of the evidence discovered in the ongoing state investigation will be used in the prosecution of this federal firearms case.

1

Details of the missing persons investigation are not publicly known. Furthermore, no person has yet been charged in connection with the state investigation. The government seeks this court's order sealing its report and recommendation and the suppression hearing exhibits until such time as the state investigation is concluded and/or charges are brought against an individual in that matter. Mr. Tornquist does not object to the government's motion to seal in either respect.

There is a qualified First Amendment right in the public to have access to pre-trial suppression hearings and decisions in criminal cases. <u>Press-Enterprise Co. v. Superior Court</u>, 478 U.S. 1, 10 (1986); <u>Waller v. Georgia</u>, 467 U.S. 39, 46 (1984); <u>Matter of New York Times Co.</u>, 828 F.2d 110, 113-14 (2d Cir. 1987); <u>In re The Herald Co.</u>, 734 F.3d 93, 99 (2d Cir. 1984); <u>United States v. Brooklier</u>, 685 F.2d 1162, 1169-71 (9th Cir. 1982); <u>United States v. Criden</u>, 675 F.2d 550, 555 (3d Cir. 1982). However, that public right of access is qualified and access may be restricted under some circumstances. <u>In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn</u>, 855 F.2d 569, 573-74 (8th Cir. 1988).

Courts have protected information that the public would otherwise have a right of access to where such protection is necessary to avoid jeopardizing an ongoing criminal investigation. <u>Gunn</u>, 855 F.2d at 574-75. Where such protection is given, it must be narrowly tailored to serve the purposes

2

motivating the protection and must last no longer than necessary to serve those purposes. Id.

Here, the court makes the following findings. The evidence adduced at the suppression hearing is inextricably intertwined with the ongoing criminal investigation by state authorities. That evidence describes in intimate detail many of the facts detected thus far in the state investigation and it also reveals investigative methods. It is not possible for this court to discuss and rule on the issues raised in Mr. Tornquist's motion to suppress without also discussing the details of the ongoing state criminal investigation. Furthermore, because the issues in this case and the facts of the state case are so interrelated, it is not possible to redact portions of the court's report and recommendation to remove references to the ongoing state investigation. In most instances, the exact same steps that were taken in pursuit of the state investigation are also the steps taken that resulted in the assertion of the charges in this case. The investigations and the evidence in both cases overlap to a great degree.

In addition, the court has reviewed numerous newspaper articles that have been published in connection with the ongoing state investigation. The court has also listened to radio broadcasts. Those publicly-disseminated articles do not reveal anything about the details of the ongoing investigation. The articles merely recite the fact of the missing person's disappearance, the last time and place that person was seen, and the fact that the missing person

has not been located despite many efforts to locate them.

The court also finds that revealing the details of the state investigation at this point may jeopardize the investigation itself, and may jeopardize the chances of getting a fair and unbiased jury pool for the individual charged in that case if he or she is eventually charged.

The court concludes that the ongoing state criminal investigation merits protection from public disclosure at this point. However, when the state investigation is concluded, or when charges are asserted in the state investigation against a person or persons, that need for protection will cease. Accordingly, this court's report and recommendation will no longer need to be sealed at that point, and the same will be true for exhibits filed in connection with the suppression hearing as well.

The court points out that this order affects only this court's report and recommendation and the hearing exhibits. Should either party file objections to this court's report, the district court must rule on those objections *de novo*. If the parties wish to continue to protect the details of the ongoing state investigation, a motion to seal will be necessary regarding the district court's order resolving the objections to this court's report.

## CONCLUSION

Accordingly, good cause appearing, it is hereby

ORDERED that the government's motions to seal this court's report and

recommendation [Docket No. 39] and to seal the suppression hearing exhibits [Docket No. 35] are granted. The clerk's office is ordered to place those documents under seal. It is further

ORDERED that the government must advise the court immediately upon the state investigation concluding, or upon charges being brought against an individual in the state investigation, whichever event occurs sooner, so that the court may unseal its report and recommendation and the accompanying exhibits.

Dated April 10, 2012.

BY THE COURT:

*/s/ Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

5