UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 11-50118 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANT'S |
| MATTHEW C. TORNQUIST, | ) | MOTION TO COMPEL |
| | ) | [DOCKET NO. 81] |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**

Defendant Matthew C. Tornquist is before the court on an indictment charging him with possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Mr. Tornquist has filed a motion to compel the government to provide an unredacted copy of a certain report from the South Dakota Division of Criminal Investigation ("DCI"). See Docket No. 81. Mr. Tornquist also seeks an order compelling the government to provide certain technical and scientific data related to DNA testing done by the government in this case. Id. The government resists only part of Mr. Tornquist's motion. See Docket No. 90. The district court, the Honorable Jeffrey L. Viken, referred this motion to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

**FACTS**

A detailed recitation of the investigative facts in this case has already been written by this court when it resolved Mr. Tornquist's motion to suppress. See Docket No. 42. That recitation of facts is incorporated by reference herein. In summary, the evidence in this case based on Mr. Tornquist's possession of firearms is also relevant in another investigation which is incomplete at this time.

In addition to the suppression hearing facts, the following facts are relevant to the resolution of the pending motion. The government provided to Mr. Tornquist in discovery a copy of a report from the DCI Forensic Laboratory in Pierre, South Dakota, dated December 15, 2011. It is report number 11-0437.7. The document produced by the government to Mr. Tornquist, which reported on DNA testing conducted by the DCI lab, was in a highly redacted form. See Docket No. 82, pages 17-19. The redacted report showed the results of DNA testing on a rifle, including a swab of the rifle slide, stock, trigger, emblem, and clip. Id. All other parts of the report have been redacted by the government. Id.

The report indicates that the DNA samples obtained from the swab of the rifle slide, trigger and clip match the known DNA sample from Mr. Tornquist. Id. The report indicates that the sample from the swab of the rifle stock is consistent with being a mixture of DNA from Mr. Tornquist and one or more

other individuals.  Id.  The DNA from the other individual(s) on the rifle stock does not match the DNA found on a toothbrush from which DNA was obtained. Id.  Finally, the report indicates that the following DNA loci were tested: Amelogenin and the Short Tandem Repeat (STR) loci D8S1179, D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, S18S51, D5S818, and FGA.  Id.

The government provided an unredacted copy of the DCI lab report to the court for ***in camera*** review.  The court has compared the redacted version of the DCI lab report with the unredacted version.  None of the material redacted by the government from the DCI lab report is relevant to the instant offenses with which Mr. Tornquist is charged.

In addition to requesting an unredacted copy of the DCI lab report, Mr. Torquist also requests in his motion:

    1.    Complete laboratory case files from the DCI lab, as well as any other lab involved in the DNA analysis in this case.

    2.    Records regarding contaminations or discrepancies in the DCI lab for two months before and two months after the DNA testing done in this case.

    3.    Computer generated data, including electropherograms and all electronic data associated with this case.

3

4.  Photographs and/or scans of all slot blot membranes, yield gels, and product gels generated during testing in this case.

5.  Standard operating procedures/manufacturer's protocols for the operation of machines and for the collection and handling of evidence that apply to this case.

6.  Calibration records for all thermal cyclers and PCR product analysis instruments, including lab records documenting any trouble-shooting, repairs or modifications or changes that were made to the genetic analyzer instrument used in this case.

7.  All documentation of all quantitative steps performed in testing in this case, including lab notes, memos or reports related to quantitation and sample dilutions.

8.  All documentation of sample histories for all samples tested in this case, including how the samples were obtained, chain of custody documents, and documentation of volume and mass units of each step in testing for each sample.

9.  Resumes or curriculum vitae for all lab personnel who performed laboratory testing in this case.

10. All records or documents regarding the proficiency testing of the DCI DNA test laboratory.

11. The names and sources of any databases or STR tables used to determine profile frequencies or random match probabilities in this case, including any handwritten or typed notes related to these calculations.

12. Copies of any scientific papers in the possession of the DCI lab containing detailed characterizations of the specific STR testing systems used in testing in this case.

13. Copies of all unpublished data, reports, or learned treatises which were relied upon in interpreting test results in this case or which government witnesses intend to rely upon at trial, and including copies of all letters, reports, memos, notes, or telephone logs related to the testing in this case.

14. E-file.

## DISCUSSION

The only law cited in Mr. Tornquist's nine-page memorandum in support of his motion is "Fed. R. Crim. P. 16 (a)(1)(E & F)" and the due process clause and right to trial guaranteed by the Fifth and Sixth Amendments, respectively, to the United States Constitution. No further elaboration is provided. No cases are cited. No attempt is made to show how the law requires the laundry list of items Mr. Tornquist has demanded must be produced to him.

Rule 16(a)(1)(E) and (F) provides as follows:

(a) Government's Disclosure.
   (1) Information Subject to Disclosure.
* * * *
   (E) Documents and Objects.  Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
      (i) the item is material to preparing the defense;
      (ii) the government intends to use the item in its case-in-chief at trial; or
      (iii) the item was obtained from or belongs to the defendant.

   (F) Reports of Examinations and Tests.  Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
      (i) the item is within the government's possession, custody, or control;
      (ii) the attorney for the government knows–or through due diligence could know–that the item exists; and
      (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

See Fed. R. Crim. P. 16(a)(1)(E) and (F).

If a defendant requests documents because he believes them to be material to his defense, he must make a ***prima facie*** showing of materiality. See 2Charles A. Wright & Peter J. Henning, Fed. Practice & Pro., Crim., § 254, at 113-114 (4th ed. 2009).  Evidence is material if it enables a defendant to "significantly alter the quantum of proof in his or her favor."  Id.  See also United States v. Baker, 453 F.3d 419, 425 (7th Cir. 2006); United States v.

Ross, 511 F.2d 757, 763 (5th Cir. 1975). Evidence is "material" under Rule 16 if "there is a strong indication that it will 'play an important role in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal.'" United States v. Graham, 83 F.3d 1466, 1474 (D.D.C. 1996) (quoting United States v. Lloyd, 992 F.2d 348, 351 (D.C. Cir. 1993)). There is no general constitutional right to discovery in a criminal case. Weatherford v. Bursey, 429 U.S. 545, 559 (1977).

Mr. Tornquist never even explains to the court what the nature of the discovery is he is requesting. The court has no independent knowledge of what an "electropherogram" is or what it does or shows. Neither does the court know what a "slot blot membrane" or a "PCR product analysis" is. Not only does Mr. Tornquist fail to explain what the items are that he is requesting, he also fails to explain how the requested discovery is material to his defense.

The government states in its response to Mr. Tornquist's motion to compel that–with three exceptions–it does not object to the disclosure of records requested by Mr. Tornquist to the extent the DCI lab has any of the described documents in its possession. The three exceptions the government notes are as to standard operating procedures, resumes, and the redacted DCI lab report.

As to standard operating procedures, the government asserts that it would only provide the operating procedures specific to biology and the

examinations performed on the specific case.  To provide all the laboratory standard operating procedures would require the production of enormous amounts of paperwork that is not related to the testing done in this case.

As to the request for the resumes or curriculum vitae of the lab personnel involved in testing in this case, the government offers to provide a summary sheet for each examiner who worked on this case, summarizing the examiner's qualifications, the date of his or her proficiency examinations, and whether the examiner passed the examination.

Finally, as discussed above, the government objects to providing an unredacted version of the DCI lab report in question.  But the government has agreed to provide an unredacted version of that report to the court for *in camera* review.  The court has conducted that review and finds that all of the government's redactions were appropriate.  There was no information that had been redacted that is relevant or material to any issue in this case.  Accordingly, the court denies that portion of Mr. Tornquist's request.

Mr. Tornquist has not demonstrated a legal basis for the extensive documents he is requesting.  Under Rule 16, he has not made a *prima facie* showing that the items are material to the defense or that the government intends to use the documents at trial in its case-in-chief.  He has provided no law which would support his assertion that the discovery is required by either the Fifth or Sixth Amendments to the United States Constitution.

Mr. Tornquist never explains what the documents he is requesting represent, how they will be used, why they are relevant, or anything else. Were this motion contested by the government, the court would in all likelihood not be ordering the government to make disclosure of all of the items requested. See e.g. United States v. Price, 75 F.3d 1440, 1444-45 (10th Cir. 1996) (government required to turn over results and reports on scientific tests, but not required to produce the underlying basis of the government chemist's conclusions, information relating to the reliability of the equipment used, evidence of the chemist's credentials); United States v. Iglesias, 881 F.2d 1519, 1523-24 (9th Cir. 1989) (government required by Fed. R. Crim. P. 16 to turn over lab report containing expert's conclusion, but not required to turn over log notes, protocols, and other internal documents of chemist who worked on the analysis); United States v. Orzechowski, 547 F.2d 978, 985-86 (7th Cir. 1976) (Rule 16 does not require government to produce internal DEA memorandum in relation to tests for determining whether a substance was a controlled substance); United States v. Alex, 791 F. Supp. 723, 729 (N.D. Ill. 1992) (defendant was entitled to scientific tests and expert reports, but not to the facts and data underlying the expert's opinions); United States v. Little Bear, 2009 WL 917593, CR. 08-50067-01 (D.S.D. Mar. 31, 2009) (report for polygrapher was all that Rule 16 required government to turn over to

defendant; underlying data on which polygrapher based his opinion was not required by Rule 16).

However, the government does not contest the majority of Mr. Tornquist's requests and is willing to produce any documents that are available at the DCI lab with the exceptions aforementioned. The court will therefore grant Mr. Tornquist's motion to the extent conceded by the government.

## CONCLUSION

It is hereby

ORDERED that Mr. Tornquist's motion to compel [Docket No. 81] is granted in part and denied in part as described more fully in the body of this opinion. The government shall obtain the documents responsive to Mr. Tornquist's requests from the DCI Laboratory, with the exceptions noted above, and provide them to Mr. Tornquist's counsel within fourteen days of the date of this order. The government need not provide a different version of the redacted DCI Laboratory Report dated December 15, 2011, that has already been provided by counsel.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A),

unless an extension of time for good cause is obtained.  See Fed. R. Crim. P. 58(g)(2); 59(a).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Fed. R. Crim. P. 59(a)  Objections must be timely and specific in order to require review by the district court.

Dated July 11, 2012.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

11